THE COLUMBUS BUILDING & CONSTRUCTION TRADES COUNCIL ET AL., APPELLANTS, *v.* MOYER, DIR., OHIO STATE DEPARTMENT OF PUBLIC WORKS, ET AL., APPELLEES.

(No. 5043—Decided March 9, 1954.)

*Messrs. Hamilton & Kramer* and *Mr. Joseph R. Hague,* for appellants.

*Mr. C. William O'Neill,* attorney general, *Mr. Robert E. Leach* and *Mr. Thomas R. Lloyd,* for appellees.

*Per Curiam.* This appeal is from a declaratory judgment defining the rights of the parties and construing, particularly, Section 2314-2, General Code.

The pleadings are voluminous; the briefs even more so. Appellants consider and discuss at great length and most capably eight certain rules of construction. If there is any material ambiguity in the section under consideration, then one or more of these rules would be helpful. If the language of the section will permit of but one reasonable interpretation, there is no necessity of invoking constructive assistance.

Sections 2314-1 and 2314-2, General Code, were enacted at the same time, effective October 4, 1933, and many years subsequent to other sections in the chapter of the Code treating of building regulations.

Section 2314-1, General Code, provides, so far as it pertains:

"Every department * * * charged with the duty of preparing plans * * * for the erection, alteration or repair of any building in the state of Ohio, by the state of Ohio * * * which shall provide for the installation of plumbing and gas fitting and all work kindred thereto, or of the steam and hot-water heating, ventilating apparatus, steam-power plant and all work kindred thereto, or the electrical equipment and all work kindred thereto, shall, when the entire cost of the erection, alteration or repair or the plumbing and gas fitting and all work kindred thereto, or the steam and hot-water heating, ventilating apparatus, steam-power plant and all work kindred thereto, or the elec-

trical equipment and all work kindred thereto, is to exceed the sum of one thousand dollars, hereafter prepare separate plans, specifications and blue prints for each of the following branches or classes of the work to be performed:

"First, plumbing and gas fitting, and all work kindred thereto;

"Second, steam and hot-water heating, ventilating apparatus, steam-power plant and all work kindred thereto; and

"Third, electrical equipment, and all work kindred thereto.

"Such plans * * * must be so prepared and drawn as to permit separate and independent proposals and bids upon each of the branches or classes of work in the three above subdivisions."

Section 2314-2, General Code, in part, provides:

"Every department * * * charged with the duty of awarding * * * contracts for the erection, alteration or repair of any building in the state of Ohio, by the state of Ohio * * * and charged with the duty and duly empowered to award * * * contracts, which shall provide for the installation of plumbing * * * or the steam and hot-water heating * * * or the electrical equipment * * * shall, when the entire cost of the erection, alteration, or repair of the plumbing and gas fitting * * * or the steam and hot-water heating * * * or the electrical equipment * * * is to exceed the sum of one thousand dollars, *hereafter award the respective work specified in the subdivisions mentioned in Section 2314-1 of the General Code separately to responsible and reliable individuals, firms or corporations.*" (Emphasis ours.)

The language italicized presents the controversy. The immediate question is: May an award be made on bids in combination on two or more of the classes of work set forth in the sections?

On December 1, 1933, the Attorney General, answering a letter raising the above question, held that under the terms of Section 2314-2, General Code, the Director of Public Works is required to make separate contracts based on separate bids for the heating, plumbing, and electrical work for a state building, when the entire cost of the work covered by each or any of such three classes exceeds $1,000. The rationale of the opinion of the Attorney General is that the language of the section under consideration is clear and will not permit of any other reasonable construction than that which he determined. See Vol. 3, Opinions of Attorney General (1933), 1838, No. 1940.

We have considered all the sections of the Code cited and commented on by counsel. We recognize that it is the policy of the law relating to contracts by the state for general building construction to permit and by statute to provide for combination bids for the work. If the section under consideration could be so construed, it would be harmonious with other legislation. On the other hand, the enforcement of the provisions of Section 2314-1, General Code, can be accomplished by reading it as special in its provisions relating to different classes of work than Sections 2317, 2363 and 2364, General Code. All these latter sections by specific provisions authorize separate or combination bidding. The failure to so provide in Section 2314-2, General Code, is convincing that there was no purpose so to do.

The only uncertainty that we find in the context of Section 2314-2, General Code, arises from its grammatical construction. Does the word, "separately," modify the word, "mentioned"? This would be the ordinary construction. Does the word, "separately," modify the word, "specified"? This would be the second choice in construction and, finally, does it modify the verb, "award"? If so, one would ex-

pect it to be immediately before or immediately after "award." If the word, "separately," modifies either "mentioned" or "specified" it could refer to the three separate and distinct classes set up in Section 2314-1, General Code, namely:

First: plumbing and gas fitting.

Second: steam and hot-water heating.

Third: electrical equipment.

If "separately" modifies "award" then, manifestly, it requires the construction that the "award" for the "respective work" must be made "separately" to responsible and reliable individuals.

If the construction other than the last mentioned is adopted, the section would have little meaning other than to make provision for bids when the entire cost of the installation of the named improvements shall exceed the sum of $1,000. It would then provide only that such award of contracts for the work bid upon shall be made to responsible and reliable individuals. This construction would seem to be out of harmony with the manifest purpose of the section. Section 2314-2, General Code, is headed "contracts awarded separately," and its tenor and effect and that of Section 2314-1, General Code, which precedes it, is in accord with the construction which the Attorney General placed upon the controverted language.

Although we have approached the question here presented originally and have carefully considered Sections 2314-1 and 2314-2, General Code, in connection with all other legislation related thereto, we must give weight also to the opinion of the Attorney General which has stood without modification by court decision or by subsequent legislation for more than 20 years. The objection which counsel for appellants forcibly and cogently urge against the reasonableness of this legislation should be persuasive with the lawmaking bodies. The fact that throughout the years

the Legislature has not seen fit to remove Section 2314-2 from the Code, or to modify or qualify it, argues effectively that it is not the legislative policy to do so. We are convinced that if this section is to be made to conform to the contention of appellants it must be accomplished by the Legislature.

We are in accord with the opinion of the Attorney General and the judgment of the Common Pleas Court. It will be affirmed.

*Judgment affirmed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.

(Decided April 19, 1954.)

ON APPLICATION for rehearing.

*Per Curiam.* This cause was submitted on motion to reconsider our original opinion and decision herein.

It is urged that we did not discuss and, therefore, failed to give due consideration to the provisions of Section 2364, General Code (Section 153.52, Revised Code), and particularly the exception at the end of the section. It is urged that although Section 2364, General Code, as amended, and Sections 2314-1 and 2314-2, General Code, were enacted at the same time, Section 2364 is in a dominant position and gives awarding authorities discretion to consider and award on combination bids. The language of Section 2364, General Code, is substantially the same, but for the exception, as that employed in Section 794 of an act of April 13, 1888, 85 Ohio Laws, 218. The section (2364) inferentially authorizing awards to bidders for the job as a whole or for more than one kind of work or materials then carries this language:

"The provisions of this and the preceding two sections shall not apply to the erection of buildings and

other structures of a less cost than ten thousand dollars, except as provided in Sections 2314-1 and 2314-2 of the General Code."

It is urged with much conviction and force that this exception nullifies all the provisions of Sections 2314-1 and 2314-2, General Code, as they affect contracts in the amount of $10,000 or more.

We recognize, as did the Attorney General in his opinion of December 1933, that the language under consideration may be given such construction.

It is our opinion, however, that the exception at the end of Section 2364, General Code, was unnecessary to assure the application of Sections 2314-1 and 2314-2, General Code, to bids, specifications and contracts only coming within their terms, at a cost of not less than $1,000 or more than $10,000. These new sections and Section 2364, an amended section, were enacted at the same time and must be presumed to serve the purposes therein indicated. The subject matter of the sections covers different types or classes of construction work. Section 2364 is general, as to awarding authorities affected, the construction work to be performed, and the material to be furnished. Sections 2314-1 and 2314-2 are limited to construction to be let by the state and to a restricted class of artisans and types of work. All three can be given application; Section 2364 and the preceding sections, 2362 and 2363, as general legislation and Sections 2314-1 and 2314-2, as special legislation.

The exception was, in probability, carried into Section 2364 to avoid any question as to the application of Section 2314-2 to contracts between $1,000 and $10,000. The exception does not purport to restrict the provisions of Section 2314-2 to contracts of $10,000 or less. It is not a limitation on Section 2314-2, but a recognition that it applies to contracts of less than $10,000, although Section 2364 is so limiting.

It is highly probable that if the Legislature had intended to restrict Section 2314-2, as contended by appellant, it would have carried such limitation into the language of that section and not reached it by indirection in Section 2364.

The application for reconsideration will be denied.

*Application denied.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.